UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BERNADETTE REDD                                                                                    PLAINTIFF

VS.                                                              CIVIL ACTION NO. 3:15-cv-910-DPJ-FKB

BETTER HOMES INCORPORATE, ET AL.                                             DEFENDANTS

REPORT AND RECOMMENDATION

On December 17, 2015, Plaintiff Bernadette Redd filed a complaint in this Court, apparently alleging claims of fraud in the inducement and breach of contract involving a home mortgage on a property in Madison, Mississippi. *See generally* [1]. Plaintiff also filed a Motion to Proceed In Forma Pauperis [2] requesting that the prepayment of the filing fee and costs be waived pursuant to 28 U.S.C. § 1915.

After a review of the sworn Financial Affidavit filed with the Court, it is the opinion of the undersigned that Plaintiff is not indigent under the law and should not be allowed to proceed *in forma pauperis*. Plaintiff owns a home and a vehicle, pays $50.00 per month toward a credit card, and has already spent $250.00 for expenses or attorney fees in conjunction with this lawsuit. [2] at 3-5.

Section 28 U.S.C. §1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. See Williams v. Estelle, 681 F.2d 946 (5th Cir. 1982); Prows v. Kastner, 842 F.2d 138 (5th Cir. 1988). This Court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of his impecunity? Souder v. McGuire, 516 F.2d 820 (3rd Cir. 1975);
>
> Is access to the courts blocked by the imposition of an undue

hardship? <u>Startti v. United States</u>, 415 F.2d 1115 (5th Cir. 1969); and,

Is the plaintiff forced to contribute his last dollar, or render himself destitute to prosecute his claim? <u>Adkins v. E.I. DuPont de Nemours & Co.</u>, 335 U.S. 331, 337 (1941).

Considering the circumstances of Plaintiff, including that she owns a home and a vehicle, that she pays $50.00 per month toward a credit card, and that she has already spent $250.00 toward this lawsuit, the undersigned finds that Plaintiff could pay the filing costs without undue financial hardship if given ninety days to pay the filing fee. Plaintiff will not be rendered destitute by paying the filing fee in ninety days, as she does have a place to reside, a motor vehicle, and a monthly income from disability. Because she will not be barred from the federal courts due to her lack of financial resources, it is the recommendation of the undersigned that Plaintiff's motion to proceed *in forma pauperis* be denied. Plaintiff shall be given ninety (90) days to pay the filing fee in this cause; all of the costs associated with the filing of this lawsuit should be paid on or before April 7, 2016. If Plaintiff does not object to this recommendation, and further does not pay the filing fee by April 7, 2016, the undersigned recommends that this case be dismissed without prejudice with no further notice to Plaintiff.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event she desires to file objections to these findings and recommendations. Plaintiff is further notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar her, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual

findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 8th day of January, 2016.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE